UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GEORGE LAWSON

        Plaintiff,

-against-

NEW YORK CITY BOARD OF EDUCATION,
also known as NEW YORK
CITY DEPARTMENT OF EDUCATION, CLEVELAND
PERSON, LEIA MC KINLEY, MARLENE FILEWICH,
FRANK POLIETTA, OLIVIA LYNCH, JOEL KLEIN,
MARCEL KSHENSKY, MARY GORMAN and HEIDI DIEN
LUDWIG, individually and in their official capacities

        Defendants.
------------------------------------------------------------------------X

Case Number: 05 CV 825

**MEMORANDUM OF LAW**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO FILE AND SERVE AN AMENDED COMPLAINT**

LAW OFFICES OF EARL ANTONIO WILSON
Attorneys for Plaintiff
65 Broadway
New York, New York 10006-2896
(212) 363-6460

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AND SERVE AN AMENDED COMPLAINT**

TABLE OF CONTENTS

I. STATEMENT OF FACTS ................................. 1

II. ARGUMENT ........................................……..…....... 1

    A. Under F.R.C.P. 15(a), Leave to Amend Pleadings Should be Freely Given Absent Prejudice to the Non-Moving Parties

    B. Leave to Amend the Proposed Defendants Should be Granted As the Proposed Defendants Were on Notice of Plaintiff's Claims and They Will Not Be Prejudiced in their Ability to Maintain a Defense

    C. Plaintiff Should be Granted Leave to Incorporate His Second EEOC Charge into the Instant Lawsuit as It is Timely and Will Cause No Prejudice to Defendants

III. CONCLUSION ......................................... 11

STATEMENT OF FACTS

The facts underlying this motion are set forth in the Affidavit of Earl Antonio Wilson ("Wilson Affidavit") supporting this motion and will not be repeated herein.

ARGUMENT

A. Under F.R.C.P. 15(a), Leave to Amend Pleadings Should be Freely Given Absent Prejudice to the Non-Moving Parties

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Justice requires leave to amend when the moving party has demonstrated at least "colorable grounds" for making the proposed amendment. S.S. Silberplatt, Inc. v. East Harlem Pilot Block - Building 1 Housing Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979); See also *Barr v. Charterhouse Group Int'l, Inc. (In re Everfresh Bevs., Inc.)*, 238 B.R. 558, 1999 Bankr. LEXIS 1125 (Bankr. S.D.N.Y. 1999) Leave should be denied only where the amendment would be futile, where it is sought in bad faith or where it would prejudice the opposing party. AIU Insurance Co. v. Mitsui O.S.K. Lines, Ltd., 897 F.Supp. 724, 726 (S.D.N.Y. 1995); Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc., 734 F.Supp. 1071 (S.D.N.Y. 1989). See also, *Bank of China v. St. Paul Mercury Ins. Co.*, 2004 U.S. Dist. LEXIS 23364 (S.D.N.Y. Nov. 18, 2004). Prejudice may result when the non-moving party would be required to expend significant additional resources to conduct discovery and prepare for trial or if the amendment would significantly delay resolution of the dispute. Block v. First Blood Associates, 988 F.2d 344 (2d Cir. 1993). See also Livingston v. Bev-Pak, Inc., 112

F.Supp.2d 242, 247 (N.D.N.Y. Sep. 18, 2000); Menke v. Glass, 898 F. Supp. 227, 234 (S.D.N.Y. Sep. 25, 1995).

Here, as discussed below, plaintiff's proposed amendments to the complaint are not futile and are made in good faith. Also, the amendments will cause no undue prejudice to the defendants as the amendments will have little, if any, impact on discovery, nor will the amendments cause a significant delay in the resolution of the dispute. Thus, plaintiff's motion for leave to amend the complaint should be granted.

B. Leave to Amend to Add the Proposed Defendants Should be Granted As the Proposed Defendants Were on Notice of Plaintiff's Claims and They Will Not Be Prejudiced in their Ability to Maintain a Defense

Plaintiff's motion to add defendants invokes subsection (a) of F.R.C.P. 15. F.R.C.P. 15(a) applies to the assertion of claims against proposed defendants when the statutes of limitation for those claims have not expired. Plaintiff alleges that defendants' acts involved a pattern and practice of discrimination, harassment and retaliation against employees of West Indian descent at Middle School 113 in the Bronx, a school operated by defendant. Plaintiff is a black teacher of West Indian descent who brought the case in January, 2005 and thus plaintiff's statute of limitations began running on that date. The statutes of limitation on plaintiff's State Executive law, City Human Rights law claims and the proposed §1981 claim have yet to expire. Plaintiff will also file a timely charge with the EEOC and will file a Motion for leave to file a Late Notice of Claim in Supreme Court.

As discussed above, under F.R.C.P. 15(a),[1] leave to amend pleadings is to be freely granted absent prejudice. Lane v. Reid, 559 F.Supp. 1047 (S.D.N.Y. 1983); See also, *Tuvia Convalescent Center, Inc. v. National Union of Hospital & Health Care Employees, etc.*, 717 F.2d 726, 1983 U.S. App. LEXIS 24137, 4 Employee Benefits Cas. (BNA) 2223, 114 L.R.R.M. (BNA) 2533, 98 Lab. Cas. (CCH) P10440 (2d Cir. N.Y. 1983). Here, the proposed defendants can claim absolutely no prejudice by the filing of state, city and §1981 claims against them. Plaintiff by right could institute a separate action on the same facts against the proposed defendants under the same causes of action. However, to conserve resources and because the original and proposed Department of Education defendants are part of a larger integrated organization allegedly retaliating against him, plaintiff chose to assert his claims against the proposed defendants by seeking to amend his original complaint. If plaintiff's motion were denied, a separate action against the same defendants would be likely, and it is clearly preferable to dispense of all contentions between the parties in one proceeding. Walton v. Waldron, 886 F.Supp. 981 (N.D.N.Y. 1995), citing Jenn-Air Prods., Co. v. Penn Ventilator, 283 F.Supp. 591 (E.D.Pa. 1968). See also, *Martinez v. Robinson*, 2001 U.S. Dist. LEXIS 5932 (S.D.N.Y. May 9, 2001).

As discussed in detail in the Wilson affidavit, the originally named defendants, who are part of the Department of Education, have been defending against plaintiff's

---

[1] F.R.C.P. 15(a) reads:

Amendments. A party may amend the party's pleading once a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when.

claims since the filing of the original complaint. Also, plaintiff is relying on the facts of allegations contained in the original complaint to support his claims against the proposed defendants, thus no additional discovery will be necessary. Also, all of the proposed defendants are allegedly involved in the activities complained of, Walton, 886 F.Supp. at 985, and joined the original defendants in retaliating against plaintiff due to his race and ethnic origin, fighting to be reinstated, and for bringing the lawsuit against the original defendants. In sum, the proposed defendants will suffer no prejudice by the assertion of state, city and §1981 claims against them and plaintiff's request for leave should be granted.

To assert his Title VII claim against the proposed defendants, plaintiff must first establish that the claims in the amended pleading arose out of the same conduct, transaction or occurrence set forth in the original pleading. Plaintiff clearly meets this requirement. The proposed amended complaint contains no new allegations of discriminatory conduct, but simply realleges the same facts from the original complaint.

Second, plaintiff must establish that the proposed defendants received notice of the institution of the original action so that it will not be prejudiced in maintaining a defense on the merits. F.R.C.P. 15. Here, plaintiff alleges that the proposed defendants are part of the larger organization, which includes the originally named Department of Education defendants (see Wilson affidavit for additional facts concerning the integration of the original and proposed defendants). All of the proposed defendants were allegedly involved in the conduct complained of. Walton, 886 F.Supp. at 985. Also, the proposed defendants were "doubtless aware of the likelihood of this amendment" in light of the prominent issues and high profile of this case. Walton, 886 F.Supp at 981, citing Jenn-

Air Prods. Co., 283 F.Supp. at 594. Thus, the Department of Education was put on notice of plaintiff's claims when the original complaint was served.[2]

The proposed defendants ability to maintain a defense has not been prejudiced because, they were in effect already incorporated into the defense maintained to date by the original defendants. As described above, the proposed defendants were previously aware of the instant action and integrated with the original defendants. Also, as stated above, plaintiff alleges no new factual allegations in the proposed amended complaint. Thus, the filing of the proposed amended complaint should have little, if any, impact on the defendants' defense.

Last, plaintiff must establish that the proper defendants knew or should have known that but for a mistake concerning the identity of the proper party, the action would have originally been brought against them. Courts have considered whether plaintiff's failure to name the proposed defendants in the original complaint could have led the parties to conclude that they were not named for some strategic reason rather than as a result of plaintiff's mistake. Felix v. New York City Police Dep't., 811 F.Supp. 124, 128 (S.D.N.Y. 1992), citing Kilkenny v. Arco Marine, Inc., 800 F.2d 853, 857 (2d Cir. 1986); See also, *Martinez v. Robinson*, 2001 U.S. Dist. LEXIS 5932 (S.D.N.Y. May 9, 2001). Here, plaintiff identified and named the original defendants based on the best information available to him when he filed his original complaint. Thus, the proposed defendants should have known that the original action could have been brought against them given plaintiff's employment with the Department of Education and the interrelated nature of the original and proposed defendants. Thus, plaintiff argues that the proposed defendants

---

[2] The proposed defendants were put on notice of plaintiff's claims within the time limits set by F.R.C.P. 4(m).

know or should have known that, but for a mistake in identity, they would have been named as defendants.

Title VII typically requires that a party file an EEOC charge against a defendant before commencing a Title VII action in court.[3] However, the courts have recognized an exception to this requirement when the named and unnamed parties have an "identity of interest." Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991); Philippeaux v. North Central Bronx Hosp., 871 F.Supp. 640 (S.D.N.Y. 1994); See also *Parker v. City of New York*, 2004 U.S. Dist. LEXIS 23526 (E.D.N.Y. Nov. 18, 2004). The exception is consistent with the Second Circuit's " ' flexible stance in interpreting Title VII's procedural provisions,' so as not to frustrate Title VII's remedial goals." Johnson, 931 F.2d at 209, citing Egelston v. State University College at Geneseo, 535 F.2d 752, 754, 755 (2d Cir. 1976). A party may invoke the identity of interest exception when there is a clear identity of interest between the unnamed defendants and the party named in the administrative charge. Johnson, 931 F.2d at 209 (citations omitted).

The Second Circuit has adopted a four part test to determine whether an "identity of interest" exists, thereby excusing a Title VII plaintiff's failure to name a defendant in the EEOC complaint. The factors are:

1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

---

[3] See 42 U.S.C. §2000e-5(e)(1).

3)  whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;

4)  whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Johnson, 931 F.2d at 209-210, citing Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977).

Here, the application of the four factors weigh in favor of applying the identity of interest exception to the proposed defendants. Regarding the first factor, plaintiff made reasonable efforts to identify all appropriate defendants when he filed his initial charge. The complexity of the larger Department of Education made it difficult to identify all of the potentially liable defendants, especially those who would carry on the retaliatory actions of their predecessors. More importantly, plaintiff, in naming additional defendants within the larger Department of Education, put the entire Department of Education enterprise on notice of his claims.

Regarding the second factor, the original and proposed Department of Education defendants are similar, if not identical interests with respect to plaintiff's claims. The original Department of Education defendants will likely be maintaining a united defense and the proposed defendants would likely do the same. Given the integration of the original and proposed defendants, the naming of all potentially liable Department of Education entities would in all likelihood not be necessary to obtain voluntary conciliation and compliance.

The proposed defendants have suffered no prejudice by the plaintiff's failure to include them in his EEOC charge as weighed by the third factor. As discussed above, the proposed defendants have been on notice of plaintiff's claims since the filing of the

original complaint. The originally named defendants have been defending against plaintiff's original factual allegations, which remain unchanged in the proposed amended complaint. Also, the EEOC found no probable cause on plaintiff's initial charge, thus the proposed defendants could not possibly have obtained a more favorable disposition for the EEOC had they been originally named. Philippeaux, 871 F.Supp. at 650.

Regarding the fourth factor, the originally named defendants have discriminated against non white teachers of Caribbean descent. Principal Marcel Tshesky, currently the Principal of Middle School 135, in the Department of Education, which includes three proposed defendants, continued the retaliatory conduct of the original defendants by continuing to violate the civil rights of the plaintiff. Thus, the proposed defendants in effect have been engaging in a defense based on their relationship with the originally named defendants.

In sum, the four factors weigh in favor of the application of the identity of interests exception with respect to plaintiff's claims. Moreover, plaintiff will be filing a charge with the EEOC specifically on the actions of the proposed defendants, creating an even clearer line of demarcation between the two sets of defendants.

Based on the foregoing, plaintiff has satisfied the administrative prerequisites of Title VII and the requirements of F.R.C.P 15(c) with respect to his Title VII claim against the proposed defendants. Thus, plaintiff should be granted leave to assert his Title VII claim against the proposed defendants.

C.  <u>Plaintiff Should Be Granted Leave to Incorporate the Charges in His Second EEOC Charge into the Instant Lawsuit as It Is Timely and Will Cause No Prejudice to Defendants</u>

Plaintiff seeks to incorporate the allegations contained in a second charge filed with the EEOC into the instant action. Plaintiff's second charge concerns the same parties and the same underlying facts as the initial charge which gave rise to the instant suit. Plaintiff filed the second charge to amplify the allegations set forth in his initial EEOC charge and to add retaliation, national origin and race claims based on the same facts. Thus, plaintiff by this motion is not attempting to expand the scope of the lawsuit.

III.    Conclusion

F.R.C.P. 15(c) and relevant case law, as discussed above, requires that leave to amend be granted absent prejudice. Defendants will suffer no prejudice by the incorporation of plaintiff's second charge into the complaint. The incorporation of the second charge will not lead to any expansion of discovery, nor will it significantly delay resolution of the dispute. Plaintiff could by right initiate a second suit against the same defendants based on the second EEOC charge and then move to consolidate the two actions. However, plaintiff has chosen to move to amend the instant complaint as a means of conserving resources and because the two charges concern the same allegations of discrimination. Thus, plaintiff's motion to incorporate the allegations contained in plaintiff's anticipated second EEOC charge should be granted.