UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

GEORGE LAWSON,

                                Plaintiff,

- against -

NEW YORK CITY BOARD OF EDUCATION, also known as NEW YORK CITY DEPARTMENT OF EDUCATION, CLEVELAND PERSON, LEIA MCKINLEY, MARLENE FILEWICH, FRANK POLIETTA OLIVIA LYNCH, JOEL KLEIN, MARCEL KSHENSKY, MARY GORMAN and HEIDI DIEN LUDWIG, individually and in their official capacities,

                                Defendants.
---------------------------------------------------------------------------x

**ANSWER TO AMENDED COMPLAINT**

05 CV 0825 (JSR) (HBP)

        Defendant Marcel Kshensky ("Defendant") by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his Answer to the Amended Complaint ("Amended Complaint"), respectfully alleges as follows:[1]

        1.    Denies the allegations set forth in paragraph 1 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to plaintiff's current employment status, ethnicity or national origin, admits, upon information and belief, that plaintiff is African American , and admits that plaintiff purports to proceed as set forth therein.

---

[1] Upon information and belief, service of the summons and complaint was never effected as to defendant Olivia Lynch. Accordingly, no appearance is being made on her behalf at this time to the extent she are being sued in her individual or personal capacities. Defendant BOE notes that, even if defendant Lynch had been properly served, plaintiff's Title VII claims against them would be amenable to dismissal since there is no individual liability under Title VII. Tomka v. Seiler Corp., 66 F. 3d 1295, 1317 (2d Cir. 1995), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998).

  2. Denies the allegations set forth in paragraph 2 of the Amended Complaint, except admits that plaintiff purports to proceed and to invoke the jurisdiction of this Court as set forth therein.

  3. Denies the allegations set forth in sentence 1 of paragraph 3 of the Amended Complaint, except admits that plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission.

  4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

  5. Denies the allegations set forth in paragraph 5 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning his national origin, his residency status and his education, and admits, upon information and belief that plaintiff is African American and admits that plaintiff began teaching at Middle School 113 in the fall 2000 and that plaintiff was a preparatory provisional teacher.

  6. Denies the allegations set forth in paragraph 6 of the Amended Complaint, except admits that the BOE employed all parties to the action in the 2002-2003 school year, that Marlene Filewich was the District Superintendent for Community School District 11, that Frank Paliotta is a Local Instructional Supervisor for defendant BOE, that Olivia Lynch was a Local Instructional Supervisor in CSD 11, that Olivia Lynch is no longer employed by the BOE, that Cleveland Person was principal of MS 113, that Cleveland Person is no longer employed by the BOE, that Leia McKinley was an Assistant Principal assigned to MS 113, that Leia McKinley is employed by the BOE in another capacity, that Joel Klein is the Chancellor of the NYC Board of Education, that he, Marcel Kshensky, was the principal of Middle School 135 during the 2004-

2005 school year, that Heidi Dien Ludwig is a Local Instructional Superintendent of District 11, Region 2, and, upon information and belief, that the individually named defendants are not of West Indian ancestry or national origin.

7. Denies the allegations set forth in the third, eighth and ninth sentences of paragraph 7 of the Amended Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second, fourth, fifth, sixth, seventh, tenth and eleventh sentences of paragraph 7 of the Amended Complaint, except admits that there was a Caribbean Focus Team at MS 113 and admits that MS 113 is located in the Bronx.

8. Denies the allegations set forth in fifth, sixth, seventh and eighth sentences paragraph 8 of the Amended Complaint except admits that Mr. Person assigned Ms. McKinley, an Assistant Principal, to supervise the third floor. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in second sentence of paragraph 8 of the Amended Complaint. Admits the allegations set forth in the first, third and fourth sentences of paragraph 8 of the Amended Complaint.

9. Denies the allegations set forth in paragraph 9 of the Amended Complaint. except admits that, during a faculty meeting in December 2002, defendant Person discussed the inappropriate behavior of one or more students who were allegedly spreading feces on the walls of the school.

10. Denies the allegations set forth in paragraph 10 of the Amended Complaint.

11. Denies the allegations set forth in paragraph 11 of the Amended Complaint.

12. Denies the allegations set forth in paragraph 12 of the Amended Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the anonymous letter referred to in the first sentence of paragraph 12 of the Amended Complaint and the allegations that plaintiff complained to the UFT about the anonymous letter.

13. Denies the allegations set forth in paragraph 13 of the Amended Complaint.

14. Denies the allegations set forth in paragraph 14 of the Amended Complaint.

15. Denies the allegations set forth in paragraph 15 of the Amended Complaint.

16. Denies the allegations set forth in paragraph 16 of the Amended Complaint.

17. Denies the allegations set forth in paragraph 17 of the Amended Complaint.

18. Denies the allegations set forth in paragraph 18 of the Amended Complaint.

19. Denies the allegations set forth in paragraph 19 of the Amended Complaint, except denies knowledge or information as to the truth of the allegation that Ms Lugo told plaintiff that the laptop computers had been purchased especially for the use of the Caribbean Focus Team teachers who taught social studies and science.

20. Denies the allegations set forth in paragraph 20 of the Amended Complaint.

21. Denies the allegations set forth in paragraph 21 of the Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint, except admits that teachers Philip Althouse and Mr. J Shapiro had a permit to use the school gym after school for student basketball practice.

23. Denies the allegations set forth in paragraph 23 of the Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint.

25. Denies the allegations set forth in paragraph 25 of the Amended Complaint.

26. Denies the allegations set forth in paragraph 26 of the Amended Complaint.

27. Denies the allegations set forth in paragraph 27 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff entered the building with Ms. Colon and he was disciplined for lateness and she was not.

28. Denies the allegations set forth in paragraph 28 of the Amended Complaint.

29. Denies the allegations set forth in paragraph 29 of the Amended Complaint.

30. Denies the allegations set forth in paragraph 30 of the Amended Complaint, except admits that plaintiff appealed his U rating.

31. Admits the allegations set forth in paragraph 31 of the Amended Complaint.

32. Denies the allegations set forth in paragraph 32 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the circumstances under which the anonymous letter was found.

33. Denies the allegations set forth in paragraph 33 of the Amended Complaint, except Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 33 of the Amended Complaint.

34. Denies the allegations set forth in paragraph 34 of the Amended Complaint.

35. Denies the allegations set forth in paragraph 35 of the Amended Complaint.

36. Denies the allegations set forth in paragraph 36 of the Amended Complaint, except admits that plaintiff worked at CIS 22 from September 2003 through October 2003.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Amended Complaint.

38. Denies the allegations set forth in paragraph 38 of the Amended Complaint, except admits that plaintiff's "U" rating was reversed for the school year 2002-2003.

39. Denies the allegations set forth in paragraph 39 of the Amended Complaint, except admits that plaintiff filed a charge with the Equal Employment Opportunity Commission and received a notice of right to sue dated October 28. 2004.

40. Denies the allegations set forth in paragraph 40 of the Amended Complaint except admits that plaintiff filed a notice of claim.

41. Denies the allegations set forth in paragraph 41 of the Amended Complaint.

42. Denies the allegations set forth in paragraph 42 of the Amended Complaint.

43. Admits the allegations set forth in paragraph 43 of the Amended Complaint.

44. Admits the allegations set forth in paragraph 44 of the Amended Complaint.

45. Admits the allegations set forth in paragraph 45 of the Amended Complaint and affirmatively states that Jose Ruiz was the Deputy Regional Superintendent for Region 2.

46. Denies the allegations set forth in paragraph 46 of the Amended Complaint except admits that Defendant Kshensky told plaintiff that he had hired someone else for the position.

47. Denies the allegations set forth in paragraph 47 of the Amended Complaint.

48. Denies the allegations set forth in paragraph 48 of the Amended Complaint.

49. Denies the allegations set forth in paragraph 49 of the Amended Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Amended Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint.

52. In response to the first sentence of paragraph 52 of the Amended Complaint defendant repeats and realleges his responses to paragraphs 1 through 51 of the Amended Complaint, as if fully set forth herein. Denies the allegations set forth in the second sentence of paragraph 52 of the Amended Complaint.

53. In response to the first sentence of paragraph 53 of the Amended Complaint defendant repeats and realleges each of his responses to paragraphs 1 through 52 of the Amended Complaint, as if fully set forth herein. Denies the allegations set forth in the second sentence of paragraph 53 of the Amended Complaint.

54. In response to the first sentence of paragraph 54 of the Amended Complaint defendant repeats and realleges each of his responses to paragraphs 1 through 53 of the Amended Complaint, as if fully set forth herein. Denies the allegations set forth in the second sentence of paragraph 54 of the Amended Complaint.

55. In response to the first sentence of paragraph 55 of the Amended Complaint defendant repeats and realleges each of his responses to paragraphs 1 through 54 of the Amended Complaint, as if fully set forth herein. Denies the allegations set forth in the second sentence of paragraph 55 of the Amended Complaint.

56. In response to the first sentence of paragraph 56 of the Amended Complaint defendant repeats and realleges each of his responses to paragraphs 1 through 55 of the Amended Complaint, as if fully set forth herein. Denies the allegations set forth in the second sentence of paragraph 56 of the Amended Complaint.

57. In response to the first sentence of paragraph 57 of the Amended Complaint defendant repeats and realleges each of his responses to paragraphs 1 through 56 of the Amended Complaint, as if fully set forth herein. Denies the allegations set forth in the second sentence of paragraph 57 of the Complaint.

58. In response to the first sentence of paragraph 58 of the Amended Complaint defendant repeats and realleges each of his responses to paragraphs 1 through 57 of the Amended Complaint, as if fully set forth herein. Denies the allegations set forth in the second sentence of paragraph 58 of the Amended Complaint.

59. In response to paragraph 59 of the Amended Complaint defendant repeats and realleges each of his responses to paragraphs 1 through 58 of the Amended Complaint, as if fully set forth herein.

60. Denies the allegations set forth in paragraph 60 of the Amended Complaint.

61. In response to paragraph 61 of the Amended Complaint defendants repeats and realleges each of his responses to paragraphs 1 through 60 of the Amended Complaint, as if fully set forth herein.

62. Denies the allegations set forth in paragraph 62 of the Amended Complaint.

63. Denies the allegations set forth in paragraph 79 of the Amended Complaint.[2]

64. Denies the allegations set forth in paragraph 80 of the Amended Complaint.

## AS AND FOR A FIRST DEFENSE

65. The Amended Complaint fails to state a claim upon which relief may be granted in whole or in part.

## AS AND FOR A SECOND DEFENSE

66. The Amended Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE

67. Defendants had legitimate business reasons for taking any of the alleged discriminatory acts complained of by plaintiff.

## AS AND FOR A FOURTH DEFENSE

68. This Court lacks subject matter jurisdiction over any Title VII claims contained in the federal Amended Complaint which were not also contained in plaintiff's charge of discrimination filed with the EEOC.

## AS AND FOR A FIFTH DEFENSE

69. Individual defendants are not subject to suit under Title VII and, thus, plaintiff's Title VII claims must be dismissed as against any individually named defendants.

---

[2] There are no paragraphs numbered "63" through "78" in the Amended Complaint. The paragraph appearing immediately after paragraph "62" is numbered "79."

## AS AND FOR A SIXTH DEFENSE

70. The Amended Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

## AS AND FOR A SEVENTH DEFENSE

71. The individually named defendants are shielded from suit by the doctrines of absolute immunity, qualified immunity, common law immunity, or any combination of these doctrines.

## AS AND FOR A EIGHTH DEFENSE

72. Upon information and belief, the damage claims contained in the Amended Complaint are barred, in whole or in part, by the failure to mitigate damages.

## AS AND FOR A NINTH DEFENSE

73. The Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A TENTH DEFENSE

74. To the extent plaintiff is attempting to assert claims on behalf of other teachers or on behalf of students, he lacks standing to do so.

**WHEREFORE**, defendant Kshensky requests judgment dismissing the Amended Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	February 15, 2006

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorney for Defendant Kshensky
        100 Church Street, Room 2-122
        New York, New York 10007
        (212) 788-0887

By:	/s/
	Melissa G. Shear (MS 1704)
	Assistant Corporation Counsel

To:	Earl Antonio Wilson, Esq.
	Law Offices of Earl Antonio Wilson
	Attorney for Plaintiff
	65 Broadway, Suite 714
	New York, New York 10006-2896
	(212) 363-6460

Docket No. 05 CV 0825 (JSR) (HBP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| GEORGE LAWSON,<br><br>                                      Plaintiff,<br><br>- against -<br><br>NEW YORK CITY BOARD OF EDUCATION, also known as NEW YORK CITY DEPARTMENT OF EDUCATION, CLEVELAND PERSON, LEIA MCKINLEY, MARLENE FILEWICH, FRANK POLIETTA, OLIVIA LYNCH, JOEL KLEIN, MARCEL KSHENSKY, MARY GORMAN, and HEIDI DIEN LUDWIG, individually and in their official capacities,<br><br>                                      Defendants. |
| **ANSWER TO AMENDED COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>    *Attorney for Defendant* Kshensky<br>    *100 Church Street, Room 2-122*<br>    *New York, NY  10007*<br><br>    *Of Counsel:  Melissa G. Shear*<br>    *Tel:  (212) 788-0887*<br>    *NYCLIS No. 05LE000026* |
| *Due and timely service is hereby admitted*<br><br>*New York, N.Y.  ....................................... , 200 . . .*<br><br>*..................................................................... Esq.*<br><br>*Attorney for........................................................* |

`