UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

GEORGE LAWSON

                     Plaintiff,

Case Number: 05 CV 825

**MOTION TO COMPEL
RESPONSES TO
INTERROGATORIES
AND DOCUMENT
REQUESTS**

NEW YORK CITY BOARD OF EDUCATION,
also known as NEW YORKCITY DEPARTMENT OF
EDUCATION, CLEVELAND PERSON, LEIA MC KINLEY,
MARLENE FILEWICH, FRANK POLIETTA, OLIVIA
LYNCH, JOEL KLEIN, MARCEL KSHENSKY, MARY
GORMAN and HEIDI DIEN LUDWIG,  individually and
in their official capacities

                     Defendants.

-------------------------------------------------------------------X

       This Motion is hereby submitted in response to Defendants' responses or lack thereof, the Plaintiff's Interrogatories and Document Demands.  Defendants appeared to make no attempt to answer questions – and appeared to 'creatively' object to any request or question of the plaintiff, despite their objectionability.  This, we believe, is in complete violation of the Federal Rules, including Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Rules 26.2. and Rule 37.  Despite plaintiff's attempts to communicate its concern over the blatant unresponsiveness, defendants persisted and, at the 11th hour, presented documents that offered little or nothing in terms of information.  We have attempted to highlight each Interrogatory and Document Request, indicating that the questions were not complicated nor surreptitiously created. The following is a list of these omissions.  We note for the record that attempts were made to avoid this Motion.  However, at the 11th hour, defendants' counsel was unable to respond to the attempt and consequently this Motion was timely filed.

Unfortunately, all depositions have been taken prior to the completion of the interrogatories. Nonetheless, please provide a comprehensive response, as agreed, by January 19, 2007.  If we do not hear from you by that date, we will have to raise our objections to defendants' responses with the Court.  However, a mutually agreed extension for a response, in lieu of a Motion filing, will be considered and likely not be denied.

       Please note that, do date, there have been only 35 pages of submitted documents pursuant to Rule 26 of the Federal Rules.  That is incredible, considering the hundreds of documents submitted by plaintiff under Rule 26 and pursuant to defendant's Document Demands.  It is also disconcerting considering the volumes of relevant documents that must logically exist in a case of this scope that should have been readily submitted by defendants pursuant to the Federal Rules.

       Please see attached Plaintiff's Proposed Amended Interrogatories and Document Requests.

**INTERROGATORIES**

With regard to defendants' responses to plaintiff's interrogatories, as a general matter, defendants failed to "identify" individuals by providing the name, last known address, and last known telephone number of the individuals as that term is defined in the definitions section of plaintiff's document demands and interrogatories and in Fed. R. Civ. P. 26(a)(1)(A). Please fully identify all individuals referred to or listed in response to the Interrogatories including those individuals listed in defendants' Rule 26 initial disclosures.

Defendants have not fully responded to any interrogatories, despite the paltry sum listed as having been responded to. Please respond to these interrogatories in full or state in writing that there is no additional information responsive to these requests.

Defendants have also provided only partial responses to plaintiff's interrogatories in numerous other respects. Please provide full responses to the following interrogatories:

Interrogatory 1: Defendants did not respond to this interrogatory, which requests the identity of all records indicating the Caribbean Focus Team's existence and programs. Defendants' response objected "on the grounds that it is overbroad as to time, assumes facts neither admitted or established, and is not within the scope of Local Rule 33.3." Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 2: Defendants did not respond to this interrogatory, which requests the identity of all records and complaints of MS 113 regarding discrimination against teachers, parents, and/or students of Caribbean descent, including issuance of U ratings, harassment, discrimination and alienation, including copies of resignation of letters of the teachers. Defendants' response objected "on the grounds that it is vague and ambiguous, overbroad as to time, argumentative, assumes facts neither admitted or established, and is not within the scope of Local Rule 33.3." . To this, plaintiff has narrowed the request to the years: 2002-2003 and 2003-2004. Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 3: Defendants did not respond to this interrogatory, which requests the identity of all the large scale of resignations of Caribbean teachers, including reasons for the large scale resignations at MS 113. Defendants' response objected "on the grounds that it is vague and ambiguous, overbroad as to time, argumentative, assumes facts neither admitted or established, and is not within the scope of Local Rule 33.3." This is not responsive. To this, plaintiff has narrowed the request to the years: **2001-2002, 2002-2003 and 2003-2004**. Please respond to this interrogatory in full or state in writing that there is no information responsive to this Interrogatory.

Interrogatory 4: Defendants did not respond to this interrogatory, which requests the identity of all records indicating supervisors' rating of white teachers at MS 113, including lesson observations and overall annual performance ratings. Defendants' response objected "on the grounds that it is vague and ambiguous, overbroad as to time, argumentative, assumes facts neither admitted or established, and is not within the scope of Local Rule 33.3." This is not responsive. To this, plaintiff has narrowed the request to the years: **2001-2002, 2002-2003 and 2003-2004**. Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 5: Defendants did not respond to this interrogatory, which requests the identity of all records indicating the amount of social studies textbooks, computers (including working and non working computers), overhead projectors, PowerPoint training for teachers and all scholastic materials given to each teacher at MS 113 and any methods used for calculation of the amounts given during the school years 2002-2003.  Identify all records indicating the existence and distribution of social studies supplemental materials made available to each social studies teacher. Defendants' response objected "on the grounds that it is vague and ambiguous, overbroad as to time, assumes facts neither admitted or established, is unduly burdensome and is not within the scope of Local Rule 33.3."   This is not responsive.  To this, plaintiff has narrowed the request to the school years: **2001-2002 and 2002-2003**.  Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 6: Defendants did not respond to this interrogatory, which requests the identity of all written, scholarly, and personal sources Cleveland Person sourced  to express his finding  that defecation on floors is a cultural behavior practiced in Haiti, the Dominican Republican, and some Asian and African countries, including when Person's offensive anti- Asian, African, and Caribbean statement were brought to the attention of his superiors at District 11 and the DOE and what action was taken as a result.Defendants' response objected "on the grounds that it is vague and ambiguous, argumentative, assumes facts neither admitted nor established, and is not within the scope of Local Rule 33.3."   This is not responsive.  To this, plaintiff has repeated the request in its entirety.  Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 7: Defendants did not respond to this interrogatory, which requests the identity of all records indicating when Person's superiors were informed about an anonymous letter placed in Caribbean teachers' mailboxes describing them as "evil forces" following their opposition of Person's characterization of their culture and any harassment or retaliation that ensued for Caribbean or non Caribbean teachers who opposed the letter.  Defendants' response objected "on the grounds that it is vague and ambiguous, overbroad as to time, assumes facts neither admitted or established, and is not within the scope of Local Rule 33.3."   This is not responsive.  To this, plaintiff has repeated the request in its entirety.  Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 8: Defendants did not respond to this interrogatory, which requests the identity of all records indicating the names of classes, teachers, and students whose bulletin boards were removed and those not removed by Person and for what reasons they were removed including all records indicating what criteria were used to determine what was "good enough" to be shown. Defendants' response objected "on the grounds that it is vague and ambiguous, overbroad as to time, argumentative, assumes facts neither admitted or established, and is not within the scope of Local Rule 33.3."   This is not responsive.  To this, plaintiff has narrowed the request to **during the school year 2002-2003.**  Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 9: Defendants did not respond to this interrogatory, which requests the identity of all records indicating the manner in which the administrations at MS 113 and 135 dealt with discipline of children and teachers, including Caribbean as well as non Caribbean, including attacks on Caribbean and non Caribbean teachers such as student Shadauy Bonilla's numerous physical attacks on Caribbean and non Caribbean teachers such as student Shadauy Bonilla's numerous physical attacks on teacher George Lawson, other teachers and her fellow students

during the 2004-05 school year. Defendants' response objected "on the grounds that it is vague and ambiguous, overbroad as to time, unduly burdensome, seeks discovery that is not relevant to any claim of any party, is not reasonably calculated to lead to the discovery of admissible evidence, assumes facts neither admitted or established, and is not within the scope of Local Rule 33.3." This is not responsive. To this, plaintiff has narrowed the request by requesting the **identity of all records indicating the manner in which the administrations at MS 113 and 135 dealt with incidents of children attacking teachers during the school years 2002-2005.** Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 10: Defendants did not respond to this interrogatory, which requests the identity of all records indicating requests of Caribbean teachers who were asked or required to change grades and whether or not the teachers received a retaliatory U rating if they came forward as "whistleblowers" or to speak out against the scandal for all school years for academic years 2004-2005 at MS 135. Defendants' response objected "on the grounds that it is vague and ambiguous, overbroad as to time, unduly burdensome, seeks discovery that is not relevant to any claim of any party, is not reasonably calculated to lead to the discovery of admissible evidence, assumes facts neither admitted or established, and is not within the scope of Local Rule 33.3." This is not responsive. To this, plaintiff has repeated the request in its entirety. Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 11: Defendants did not respond to this interrogatory, which requests the identity of all records indicating the period of employment of teacher David Ellenbogen as science teacher at MS 135 and any and all records related to grade "fixing" or awarding of grades to Caribbean or non Caribbean students for teachers not present. Defendants' response objected "on the grounds that it is seeks discovery that is not relevant to any claim of any party, is not material, is not reasonably calculated to lead to the discovery of admissible evidence, assumes facts neither admitted or established, and is not within the scope of Local Rule 33.3." This is not responsive. To this, plaintiff has repeated the request in its entirety. Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 12: Defendants did not fully respond to this interrogatory, which seeks the identity of all records indicating Person's plans to have Caribbean teachers sign resignation letters in order to avoid receiving adverse rating for academic school year 2002-03. Defendants' response objected "on the grounds that it is argumentative, assumes facts neither admitted or established, is not reasonably calculated to lead to the discovery of admissible evidence, and is not within the scope of Local Rule 33.3." Please respond to this interrogatory in full or state in writing that there is no additional information responsive to this interrogatory.

Interrogatory 13: Again, defendants' response is incomplete. This interrogatory seeks the identity of all records indicating controversial memo sent by Assistant Principal McKinley to mainly Caribbean teachers instructing them not to use a ladies' room on a certain side of her supervised floor where the majority of the female teachers were Caribbean nationals. Defendants' objected "on the grounds that it is argumentative, assumes facts neither admitted or established, seeks discovery that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, and is not within the scope of Local Rule 33.3." Please respond to this interrogatory in full or state in writing that there is no additional information responsive to this interrogatory.

Interrogatory 14: Defendants did not respond to this interrogatory, which seeks the identity of all records indicating the number of working and non-working computers in all Caribbean teachers'

classrooms in MS 113 in academic school year 2002-03 and the record of repair of the computers Defendants' objected "on the grounds that it is overbroad, is not reasonably calculated to lead to the discovery of admissible evidence, and is not within the scope of Local Rule 33.3." This is not responsive. Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 15: Defendants did not respond to this interrogatory, which seeks the identity of all records indicating the efforts by the school administration and or the district to investigate the incidents of discrimination or hate. Defendants' objected "on the grounds that it is vague and ambiguous, overbroad as to time, assumes facts neither admitted or established, is not reasonably calculated to lead to the discovery of admissible evidence, seeks information better obtained through deposition, and is not within the scope of Local Rule 33.3." This is not responsive. To this, plaintiff has narrowed the request to **the school years 2001- 2002 and 2002-2003.** Please respond to this interrogatory in full or state in writing that there is no additional information responsive to this interrogatory.

Interrogatory 17: Defendants did not respond to this interrogatory, which requests the identity of all records indicating how the mobbing and severe beating of student Damion Escoffery, a Caribbean student, of class 712 at MS 135 by Mark Brown, a non- Caribbean student, and others were dealt with in academic school year 2004-05, including all records indicating the nature of his injuries that necessitated his parent s rushing him to the emergency room after the school failed in getting him medical attention after the brutal physical assault and also records indicating the reasons for the administration's switching of student Mark Brown. Defendants' response objected "on the grounds that it is argumentative, assumes facts neither admitted or established, is not material , seeks discovery that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, seeks information which is private, privileged, and confidential to a student, and is not within the scope of Local Rule 33.3." This is not responsive. To this, plaintiff has repeated the request in its entirety. Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 18: Defendants failed to respond to this interrogatory in its entirety, which seeks the identity of all records indicating money surreptitiously refunded to parent Sharon Hamilton Pierson by MS 113 during the summer of 2003. Defendants' objected "on the grounds that it is assumes facts neither admitted or established, is not material, seeks discovery that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, seeks information better obtained through deposition, and is not within the scope of Local Rule 33.3." This is not responsive. To this, plaintiff has repeated the request in its entirety. Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 19: Defendants failed to respond to this interrogatory in its entirety, which seeks the identity of all records indicating the number of infractions and suspensions of students Brittany and Vondre Hankerson during academic school year 2003-2004, 2004-2005 & 2005-2006. Defendants' objected "on the grounds that it is assumes facts neither admitted or established, is not material, seeks discovery that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, seeks information better obtained through deposition, and is not within the scope of Local Rule 33.3." This is not responsive. To this, plaintiff has repeated the request in its entirety. Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

Interrogatory 20: Defendants failed to respond to this interrogatory in its entirety, which seeks the identity of all records indicating the number of incidents and serious infractions reported by the MS 135 to the DOE in academic school year 2004-05.  Defendants objected "on the grounds that it is vague and ambiguous, assumes facts neither admitted or established, is not material, seeks discovery that is not relevant to any claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence, seeks information which is private, privileged, and confidential to a student, and is not within the scope of Local Rule 33.3." This is not responsive. To this, plaintiff has repeated the request in its entirety.  Please respond to this interrogatory in full or state in writing that there is no information responsive to this interrogatory.

**DOCUMENT REQUESTS**

Defendants have, not surprisingly, also failed to fully respond to plaintiff's demand for production of documents.  As a general matter, in violation of Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Rules 26.2, when defendants have claimed that certain documents are burdensome, overbroad, etc.  The objections were in fact 'overbroad,' and appeared to be boilerplate at best.  This indicated virtually no effort on the part of Defendants in all phases of discovery, something the plaintiff would like the court to take note of, if necessary. With respect to the numerous objections based on privilege, the defendants also have failed to provide a privilege log.  Please provide a privilege log base on your objections based on privilege.

More importantly, defendants' claim of confidentiality is completely unsupported. Defendants' claim that the production of certain documents would "violate the privacy rights" of the individuals about whom the documents relate is similarly vague and unsupported.  The documents withheld in this manner are relevant and reasonably calculated to lead to the discovery of admissible evidence.  We would be willing to enter into a confidentiality order with regard to these documents.  If this is agreeable to you, we can send you a draft confidentiality order by the end of this week.

Please produce all the documents requested, up to the present date, or state in writing that defendants have no additional documents responsive to these demands.

**Moreover, defendants did not object to Document Demands 1-6, yet did not provide any documents demanded!** This 'omission' appears, unless plaintiff is mistaken, to be part of a process to provide as paltry an amount of documents as possible in order to create an edge in this contested matter.

Defendants' responses to plaintiff's request for production of documents are also incomplete in other respects:

Document Demand 7: Defendants did not respond to this demand, which seeks a copy of any and all documents indicating how much money was used to purchase doorstops illegally placed on fire prevention doors at MS 113 in 2002-2003 school year.  Defendants objected on the "grounds that it is argumentative, assumes facts neither admitted or established, seeks discovery that is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence." This answer is unresponsive.  Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand.
Document Demand 8: Defendants did not respond to this demand, which seeks a copy of any and all resignation letters of teachers submitted in the 2002-2003 academic year.  Defendants objected

on the "grounds that it is vague and ambiguous, overbroad, unduly burdensome, seeks discovery that is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence." This answer is unresponsive. Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand. Please note that in our amended request, we have included specifically resignation letters at **MS 113**. The documents requested are not only reasonably calculated to lead to the discovery of admissible evidence, but are required under Fed. R. Civ. Pro. 26(a)(1)(D Please produce all documents responsive to this demand.

Document Demand 9: Defendants did not respond to this demand, which requests a copy of any and all termination letters issued in the 2002-2003 academic year, including U ratings and S ratings. Cases about personnel documents of comparators: Berk v. Bates Advertising USA, Inc., No. 94 Civ. 9140 (CSH)(Mag. Francis), 1995 U.S. Dist. LEXIS 13606, at *6 (S.D.N.Y. Sept. 19, 1995) (personnel documents related to comparators were discoverable); Bujnicki v. American Paving and Excavating Inc., No. 99 Civ. 0646S (SR), 2004 U.S. Dist. LEXIS 8869, at *9 (W.D.N.Y. Feb. 25, 2004); Torres v. City University of New York, No. 90 Civ. 2278 (CSH), 1992 U.S. Dist. LEXIS 18546 (S.D.N.Y. 1992) at *15; Cf. Jones v. Hospital of the University of Pennsylvania, No. 03 Civ. 4938, 2004 U.S. Dist. LEXIS 9691 at *12 (E.D. Pa. May 25, 2004) (Plaintiff entitled to production of personnel files of comparators to show discriminatory discipline) Defendants objected on the "grounds that it is vague and ambiguous, overbroad, unduly burdensome, seeks discovery that is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence." This answer is unresponsive. Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand. Please note that in our amended request, we have included specifically **at MS 113**. Please also note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time. The documents requested are not only reasonably calculated to lead to the discovery of admissible evidence, but are required under Fed. R. Civ. Pro. 26(a)(1)(D Please produce all documents responsive to this demand.

Document Demand 10: Defendants did not respond to this demand, which requests a copy of any and all documents concerning the outlining the outcome of audits done in academic year 2004-2005 on or after Principal Person was terminated. Defendants objected on the "grounds that it is vague and ambiguous, overbroad, unduly burdensome, assumes facts not admitted, seeks discovery that is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence." This answer is unresponsive. Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand. Please note that in our amended request, we have included specifically **at MS 113 in school year** and **or resigned** at the end of the sentence. Please also note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time.

Document Demand 11: Defendants did not respond to this demand, which requests a copy of any and all documents indicating the amount of lateness by teachers, including but not limited to: copies of all time cards for 2002-2003. Defendants objected on the "grounds that it is overbroad, unduly burdensome, seeks discovery that is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence." This answer is unresponsive. Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand. Please note that in our amended request, we have included specifically **at MS 113 in school year 2002-2003**. Please also note

that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time.  The documents requested are not only reasonably calculated to lead to the discovery of admissible evidence, but are required under Fed. R. Civ. Pro. 26(a)(1)(D Please produce all documents responsive to this demand.

Document Demand 12: Defendants did not respond to this demand, which requests a copy of any and all documents indicating the total amount of absences of Person, reasons for the absences, the amount of seminars and workshops etc. attended, dates and times seconded that are called in late or that would be absent.  Defendants objected on the "grounds that it is overbroad as to time, seeks discovery that is not relevant to any claim or defense of any party, is not material, seeks information which is private, privileged, and confidential, and is not reasonably calculated to lead to the discovery of admissible evidence."  This answer is unresponsive.  Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand.  Please also note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time.

Document Demand 13: Defendants did not respond to this demand, which requests a copy of any and all documents used in determining criteria used in hiring Ms. Diane Weise as Parent Coordinator.  Defendants objected on the "grounds that it seeks discovery that is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence."  This answer is unresponsive.  Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand.  Please note that in our amended request, we have included specifically **including but not limited to her employment file**.  Please also note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time.

Document Demand 14: Defendants did not respond to this demand, which requests a copy of any and all documents concerning the total amount of students who were not allowed to fully participate in graduation exercises including names of all non-participants.  Defendants objected on the "grounds that it is vague and ambiguous, overbroad as to time, seeks discovery that is not relevant to any claim or defense of any party, is not material, seeks information that is private, privileged, and confidential to a student, and is not reasonably calculated to lead to the discovery of admissible evidence."  This answer is unresponsive.  Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand.  Please note that in our amended request, we have included specifically **during the school years 2001-2002, 2002-2003,** and **2003-2004**.  Please also note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time.  The documents requested are not only reasonably calculated to lead to the discovery of admissible evidence, but are required under Fed. R. Civ. Pro. 26(a)(1)(D Please produce all documents responsive to this demand.

Document Demand 15: Defendants did not respond to this demand, which requests a copy of any and all documents concerning the names of all teachers submitted to the office of Special Investigations (OSI) for alleged corporal punishment in at MS 135 in the school year 2003-2004.  Defendants objected on the "grounds that it is seeks discovery that is not relevant to any claim or defense of any party, is not material, seeks information which is private, privileged, and confidential, and is not reasonably calculated to lead to the discovery of admissible evidence."  This answer is unresponsive.  Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand.  Please note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time.  The documents requested are not only reasonably calculated to lead to

the discovery of admissible evidence, but are required under Fed. R. Civ. Pro. 26(a)(1)(D Please produce all documents responsive to this demand.

Document Demand 16: Defendants did not respond to this demand, which requests a copy of any and all documents concerning the names of all administrators paid per session money in 2003 and 2004 in MS 113 and the amount paid out to each of them and which of these administrators were Caribbean or non-Caribbean. Defendants objected on the "grounds that it is overbroad, seeks discovery that is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence." This answer is unresponsive. Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand. Please note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time.

Document Demand 17: Defendants did not respond to this demand, which requests a copy of any and all documents indicating all meetings of the school leadership team (SLT) (group of parents, teachers and other community leaders) in 2002-2003, including names of members, amount of SLT meetings they attended and the amount paid out of them. Defendants objected on the "grounds that it is vague and ambiguous, assumes fact not admitted or established, seeks discovery that and is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence." This answer is unresponsive. Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand. Please note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time. The documents requested are not only reasonably calculated to lead to the discovery of admissible evidence, but are required under Fed. R. Civ. Pro. 26(a)(1)(D Please produce all documents responsive to this demand.

Document Demand 18: Defendants did not respond to this demand, which requests a copy of any and all documents concerning the observation reports of teacher Jack Deans in academic school year 2002-2003. Defendants objected on the "grounds that it seeks discovery that and is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence." This answer is unresponsive. Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand. Please note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time. The documents requested are not only reasonably calculated to lead to the discovery of admissible evidence, but are required under Fed. R. Civ. Pro. 26(a)(1)(D Please produce all documents responsive to this demand.

Document Demand 19: Defendants did not respond to this demand, which requests a copy of any and all documents indicating how a $100,000.00 grant by Councilman Larry Seabrook, as well as all other grants in 2002-2004 for MS 113 was spent, including how much was spent on improving the infrastructure of the school. Defendants objected on the "grounds that it is vague and ambiguous, it assumes facts not admitted or established, seeks discovery that and is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence." This answer is unresponsive. Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand. Please note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time.

Document Demand 20: Defendants did not respond to this demand, which requests a copy of any and all documents containing names of each PPT teacher who were retained in their positions in

2003-04**.** Defendants objected on the "grounds that it is vague and ambiguous, it assumes facts not admitted or established, seeks discovery that is not relevant to any claim or defense or any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence." This answer is unresponsive. Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand. Please note that in our amended request, we have included **at MS 113, plus all PTT teachers on staff in 2003-04 at MS 113**. Please also note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time. The documents requested are not only reasonably calculated to lead to the discovery of admissible evidence, but are required under Fed. R. Civ. Pro. 26(a)(1)(D Please produce all documents responsive to this demand.

Document Demand 21: Defendants did not respond to this demand, which requests a copy of any and all documents containing the names of all teachers who were not certified up to the end of 2002-03 academic school year but were allowed to take the certification examination during the summer break and in 2003-04**.** Defendants objected on the "grounds that it is vague and ambiguous, unduly burdensome, assumes fact not admitted or established, seeks discovery that is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence." This answer is unresponsive. Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand. Please note that in our amended request, we have included **at MS 113.** Please also note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time. The documents requested are not only reasonably calculated to lead to the discovery of admissible evidence, but are required under Fed. R. Civ. Pro. 26(a)(1)(D Please produce all documents responsive to this demand.

Document Demand 22: Defendants did not respond to this demand, which requests a copy of any and all documents containing the names of all teachers receiving formal and informal observations in 2002, including those not observed in the 2002-03 academic school year**.** Defendants objected on the "grounds that it is vague and ambiguous, overbroad, seeks discovery that is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence." This answer is unresponsive. Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand. Please note that in our amended request, we have included **at MS 113.** Please also note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time. The documents requested are not only reasonably calculated to lead to the discovery of admissible evidence, but are required under Fed. R. Civ. Pro. 26(a)(1)(D Please produce all documents responsive to this demand.

Document Demand 23: Defendants did not respond to this demand, which requests of any and all documents indicating how money allocated by District 11 for steel drums (musical instruments) was appropriated. Defendants objected on the "grounds that it is vague and ambiguous, overbroad, not limited with respect to time and scope, unduly burdensome, assumes facts not admitted or established, seeks discovery that is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving these objections, and construing this as a request for documents, if any, concerning any money given by District 11 for steel drums at MS 113 during the 2002-2003 school year, defendants are searching for records that may be responsive to this request." This answer is unresponsive. Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand. Please note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a

mutually agreeable time.  In addition, documents resulting from any "searching for records" of the plaintiff are yet to be received by the plaintiff.

Document Demand 24: Defendants did not respond to this demand, which requests a copy of any and all documents concerning the reason for dismantling the Caribbean Focus Team**.**  Defendants objected on the "grounds that it is vague and ambiguous, overbroad as to time, assumes facts neither admitted or established, seeks discovery that is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence."  This answer is unresponsive.  Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand.  Please note that in our amended request, we have included **at MS 113 in school years 2002-2003 and 2003-2004.**  Please also note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time.  The documents requested are not only reasonably calculated to lead to the discovery of admissible evidence, but are required under Fed. R. Civ. Pro. 26(a)(1)(D Please produce all documents responsive to this demand.

Document Demand 25: Defendants did not respond to this demand, which requests a of any and all documents indicating that students practicing basketball in the gym after school with Altose and Shapiro were permitted by parents **at MS 113 in the school year 2002-2003.**  Defendants objected on the "grounds that it is vague and ambiguous, overbroad, it assumes facts not admitted or established, seeks discovery that is not relevant to any claim or defense of any party, is not material, and is not reasonably calculated to lead to the discovery of admissible evidence."  This answer is unresponsive.  Please respond to this demand in full or state in writing that defendants have no documents responsive to this demand.  Please note that in our amended request, we have included **at MS 113 in the school year 2002-2003.**  Please also note that we are available to review all documents, for all document requests, that cannot be provided in hard copy at a mutually agreeable time.

Since the time to file the motion is approaching, we require that you review this document and provide the documents forthwith, i.e. by Friday January 19, 2007.  This is in conformance with FRCP 37 (a)(2).  We will consider an extension, should you desire one.  As depositions are now complete, all documents submitted will be reviewed with respect to documents requested either at the deposition or with respect to testimony at the deposition.


Dated: January 19, 2007
New York, New York


_____

Earl Antonio Wilson, Esq.
Attorney for Plaintiff George Lawson
LAW OFFICES OF EARL ANTONIO WILSON
299 Broadway – Suite 920
New York, New York 10007

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
GEORGE LAWSON

                         Plaintiff,

Case Number: 05 CV 825

               PLAINTIFF'S FIRST
SET OF
INTERROGATORIES
         AND DOCUMENT
REQUESTS

NEW YORK CITY BOARD OF EDUCATION,
also known as NEW YORKCITY DEPARTMENT OF
EDUCATION, CLEVELAND PERSON, LEIA MC KINLEY,
MARLENE FILEWICH, FRANK POLIETTA, OLIVIA
LYNCH, JOEL KLEIN, MARCEL KSHENSKY, MARY
GORMAN and HEIDI DIEN LUDWIG,  individually and
in their official capacities

                         Defendants.
--------------------------------------------------------------------X

     Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Rules 26.2 of this Court, plaintiff George Lawson hereby requests that each defendant serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below at the offices of Earl Antonio Wilson within (30) days after service hereof.

     These interrogatories and document requests are continuing.  If at any time after service of answers hereto, and prior to the trial of this action, plaintiff obtains or becomes aware of additional information pertaining to any of these in interrogatories or document request, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, plaintiff shall, within thirty (30) days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information and documents.

# INSTRUCTIONS

1.  If the answer to all or any part of an interrogatory is not presently known or

    available, include a statement to that effect and furnish any information currently

known or available and a description of the source of information that was once

known or available that could have been used to respond to the interrogatory.

2. If any information called for by an interrogatory is withheld by reason of a claim

of privilege, state with specificity the information required by Local Rule 26.2

**DEFINITIONS**

1. These definitions incorporate by reference the Uniform Definitions in Discovery

Requests set forth in Federal Rule 34(a) and Local Rule 26.3

2. As used herein, the term "Incident" refers to the events described in the amended

complaint.

3. As used herein, the term "package" refers to the item seized by authorities and

subsequently used as evidence against the plaintiff.

# INTERROGATORIES

1. Identify all records indicating the Caribbean Focus Team's existence and

programs.

2. Identify all records and complaints of MS 113 regarding discrimination against

teachers, parents, and/or students of Caribbean descent, including issuance of U

ratings, harassment, discrimination and alienation, including copies of resignation

letters of the teachers.

3. Identify all records indicating the large scale of resignations of Caribbean

teachers, including reasons for the large-scale resignations at MS 113.

4.  Identify all records indicating conclusion of supervisors' rating of all white teachers at MS 113, including lesson observations and overall annual performance ratings.

5.  Identify all records indicating the amount of social studies textbooks, computers (including working and non working computers), overhead projectors, PowerPoint training for teachers and all scholastic materials given to each teacher at MS 113 and any methods used for calculation of the amounts given. Identify all records indicating the existence and distribution of social studies supplemental materials made available to each social studies teacher.

6.  Identify all written, scholarly, and personal sources Cleveland Person sourced  to express his finding  that defecation on floors is a cultural behavior practiced in Haiti, the Dominican Republican, and some Asian and African countries, including when Person's offensive anti- Asian, African, and Caribbean statement were brought to the attention of his superiors at District 11 and the DOE and what action was taken as a result.

7.  Identify all records indicating when Person's superiors were informed about an anonymous letter placed in Caribbean teachers' mailboxes describing them as "evil forces" following their opposition of Person's characterization of their culture and any harassment or retaliation that ensued for Caribbean or non Caribbean teachers who opposed the letter.

8.  Identify all records indicating the names of classes, teachers, and students whose bulletin boards were removed and those not removed by Person and for what

reasons they were removed including all records indicating what criteria were used to determine what was "good enough" to be shown.

9.  Identify all records indicating the manner in which the administrations at MS 113 and 135 dealt with discipline of children and teachers, including Caribbean as well as non Caribbean, including attacks on Caribbean and non Caribbean teachers such as  student Shadauy Bonilla's numerous physical attacks on teacher George Lawson, other teachers and her fellow students during the 2004-05 school year.

10.  Identify all records indicating requests of Caribbean teachers who were asked or required to change grades and whether or not the teachers received a retaliatory U rating if they came forward as "whistleblowers" or to speak out against the scandal for all school years for academic years 2004-2005 at MS 135.

11.  Identify all records indicating the period of employment of teacher David Ellenbogen as science teacher at MS 135 and any and all records related to grade "fixing" or awarding of grades to Caribbean or non Caribbean students for teachers not present.

12.  Identify all records indicating Person's plans to have Caribbean teachers sign resignation letters in order to avoid receiving adverse rating for academic school year 2002-03.

13.  Identify all records indicating controversial memo sent by Assistant Principal McKinley to mainly Caribbean teachers instructing them not to use a ladies' room on a certain side of her supervised floor where the majority of the female teachers were Caribbean nationals.

14. Identify all records indicating the number of working and non-working computers in all Caribbean teachers' classrooms in MS 113 in academic school year 2002-03 and the record of repair of the computers.

15. Identify all records indicating the efforts by the school administration and or the district to investigate the incidents of discrimination or hate at the school

16. Identify all records indicating the names of teachers assigned to cover classes during emergency meeting with teachers whose names were mentioned in hate mail found by student in classroom at MS 113 in June 2003.

17. Identify all records indicating how the mobbing and severe beating of students Damion Escoffery, a Caribbean student, of class 712 at MS 135 by Mark Brown, a non- Caribbean student, and others were dealt with in academic school year 2004-05, including all records indicating the nature of his injuries that necessitated his parent s rushing him to the emergency room after the school failed in getting him medical attention after the brutal physical assault and also records indicating the reasons for the administration's switching of student Mark Brown.

18. Identify all records indicating money surreptitiously refunded to parent Sharon Hamilton Pierson by MS 113 during the summer of 2003.

19. Identify all records indicating the number of infractions and  suspensions of students Brittany and Vondre Hankerson during academic school year 2003-2004, 2004-2005 & 2005-2006.

20. Identify all records indicating the number of incidents and serious infractions reported by the MS 135 to the DOE in academic school year 2004-05.

## DOCUMENT REQUESTS

1. Provide a copy of any and all documents regarding all records indicating the amount of per session money paid to teachers doing coverage in academic school year 2002-2004 at MS 113.

   a. amount paid to Caribbean's

   b. amount paid to non-Caribbean's

   c. breakdown of coverage allotted to each teacher

2. Provide a copy of any and all documents concerning regarding all records on the amount spent for power point training of teachers by Mr. Alfred Polvere plus names of those trained, including but not limited to:

   a. amount of time spent having those involved.

   b. amount of materials purchased.

   c. criteria used in selecting trainees/recipients

   d. race and /or ethnicity of  those receiving training.

3. Provide a copy of any and all documents concerning the alleged MS 113 school account left at Met Supermarket on White Plains Road and 218th Street.

4. Provide a copy of any and all documents concerning the amount of Laptops purchased and allegedly stolen in 2003-2004 plus which of those numbers were recovered.

5. Provide a copy of any and all documents indicating the outcome of cases pertaining to those implicated/arrested.

6. Provide a copy of any and all documents indicating reasons for removal of Person as principal, McKinley as Assistant Principal (AP), Karen Maldonado as AP and Diane Weise as Parent-Coordinator.

7. Provide a copy of any and all documents indicating how much money was used to purchase door stops illegally placed on fire prevention doors at MS 113 in 2002-2003 school year.

8. Provide a copy of any and all resignation letters submitted in the 2002-2003 academic year.

9. Provide a copy of any and all termination letters issued in the 2002-2003 academic year, including U ratings and S ratings.

10. Provide a copy of any and all documents concerning the outlining the outcome of audits done in academic school year 2004-2005 on or after Principal Person was terminated.

11. Provide a copy of any and all documents indicating the amount of lateness by teachers in 2002-2003, including but not limited to:

    a. copies of all time cards for 2002-2003.

12. Provide a copy of any and all documents indicating the total amount of absences of Person, reasons for the absences, the amount of seminars and workshops etc. attended, dates and times seconded that are called in late or that would be absent.

13. Provide a copy of any and all documents used in determining criteria used in hiring Ms. Diane Weise as Parent Coordinator.

14. Provide a copy of any and all documents concerning the total amount of students who were not allowed to fully participate in graduation exercises, including names of all non-participants.

15. Provide a copy of any and all documents concerning the names of all teachers submitted to the office of Special Investigations (OSI) for alleged corporal punishment in 2003-2004.

16. Provide a copy of any and all documents concerning the names of all administrators paid per session money in 2003 and 2004 and the amount paid out to each of them and which of these administrators were Caribbean or non-Caribbean.

17. Provide a copy of any and all documents indicating all meetings of the school leadership team (SLT) (group of parents, teachers and other community leaders) in 2002-2003, including names of members, amount of SLT meetings they attended and the amount paid out of them.

18. Provide a copy of any and all documents concerning the observation reports of teacher Jack Deans in academic school year 2002-2003.

19. Provide a copy of any and all documents indicating how a $100,000.00 grant by Councilman Larry Seabrook, as well as all other grants in 2002-2004 for MS 113 was spent, including how much was spent on improving the infrastructure of the school.

20. Provide a copy of any and all documents containing names of each PPT teacher who retained in their positions in 2003-04, plus all PTT teachers on staff in 2003-04.

21. Provide a copy of any and all documents containing the names of all teachers who were not certified up to the end of 2002-03 academic school year but were allowed to take the certification examination during the summer break and in 2003-04.

22. Provide a copy of any and all documents containing the names of all teachers receiving formal and informal observations in 2002, including those not observed in the 2002-03 academic school year.

23. Provide a copy of any and all documents indicating how money allocated by District 11 for steel drums (musical instruments) was appropriated.

24. Provide a copy of any and all documents concerning the reason for dismantling the Caribbean Focus Team.

25. Provide a copy of any and all documents indicating that students practicing basketball in the gym after school with Altose and Shapiro were permitted by parents.

Dated: New York, New York
      July 12, 2006

                    LAW OFFICES OF EARL ANTONIO WILSON
                    Counsel for Plaintiff George Lawson
                    299 Broadway
                    Suite 920
                    New York, New York 10007

                    By:_____
                        EARL ANTONIO WILSON, ESQ.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**    Case Number: 05 CV 825
_____

GEORGE LAWSON

                                    Plaintiff,


                    - against -


NEW YORK CITY BOARD OF EDUCATION,
also known as NEW YORK
CITY DEPARTMENT OF EDUCATION, CLEVELAND
PERSON, LEIA MC KINLEY,  MARLENE FILEWICH,
FRANK POLIETTA, OLIVIA LYNCH, JOEL KLEIN,
MARCEL KSHENSKY, MARY GORMAN and HEIDI DIEN
LUDWIG,  individually and in their official capacities
_____
                                    Defendants.
_____
    **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**
_____

**Signature (Rule 130-1.1-a)**



_____

**Earl Antonio Wilson**
**Attorney for Plaintiff George Lawson**
**LAW OFFICES OF EARL ANTONIO WILSON**
Counsel for Plaintiff
299 Broadway
Suite 920
New York, New York 10007
(212) 227-4455
_____

**Michael A. Cardozo**
**Corporation Counsel of the City of New York**
**Attorney for Defendants**
**100 Church Street**
**New York, NY 10007**
**Of Counsel: Melissa G. Shear**
**(212) 788-0887**
_____
**Service of a copy of the within document is hereby admitted.**


**Dated: _____**

_____