UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

GEORGE LAWSON,                        :

                Plaintiff,            :
                                              05 Civ. 825 (JSR)(HBP)
        -against-                     :
                                              OPINION
NEW YORK CITY BOARD OF                :        AND ORDER
EDUCATION, et al.,
                                      :

                Defendants.           :
----------------------------------X

        PITMAN, United States Magistrate Judge:


        By letter dated March 3, 2011, plaintiff seeks

reconsideration of my Report and Recommendation dated February

25, 2011 which recommended that defendants' motion for summary

judgment be granted and that the action be dismissed.  For the

reasons set forth below, the application is denied.

        Motions for reconsideration are appropriate only in

limited circumstances.

            Motions for reargument "are granted when new facts
        come to light or when it appears that controlling
        precedents were overlooked." Weissman v. Fruchtman,
        658 F. Supp. 547 (S.D.N.Y. 1987).  The proponent of
        such a motion is not supposed to treat the court's
        initial decision as the opening of a dialogue in which
        that party may then use [Local Civil Rule 6.3] to
        advance new facts and theories in response to the
        court's rulings.  The purpose of the rule is "to ensure
        the finality of decisions and to prevent the practice
        of a losing party examining a decision and then plug-
        ging the gaps of a lost motion with additional mat-

ters."  <u>Lewis v. New York Telephone</u>, No. 83 Civ. 7129, slip op. at 2, 1986 WL 1441 (S.D.N.Y. 1986) cited in <u>Carolco Pictures Inc. v. Sirota</u>, 700 F. Supp. 169 (S.D.N.Y. 1988).

<u>McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 727 F. Supp. 833, 833 (S.D.N.Y. 1989); <u>see</u> <u>also</u> <u>Mahmud v. Kaufmann</u>, 496 F. Supp.2d 266, 269-70 (S.D.N.Y. 2007).  "A movant for reconsid-eration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice."  <u>Quinn v. Altria Group, Inc.</u>, 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462 at *1 (S.D.N.Y. Aug. 1, 2008), <u>citing</u> <u>Virgin Airways v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992).

"[T]o be entitled to reargument under Local [Civil Rule 6.3, a party] must demonstrate that the Court overlooked control-ling decisions or factual matters that were put before the Court on the underlying motion."  <u>Am. Alliance Ins. Co. v. Eagle Ins. Co.</u>, 163 F.R.D. 211, 213 (S.D.N.Y. 1995), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 92 F.3d 57 (2d Cir. 1996), <u>citing</u> <u>Ameritrust Co. Nat'l Ass'n v. Dew</u>, 151 F.R.D. 237, 238 (S.D.N.Y. 1993); <u>Fulani v. Brady</u>, 149 F.R.D. 501, 503 (S.D.N.Y. 1993), <u>aff'd</u> <u>sub</u> <u>nom.</u>, <u>Fulani v. Bentsen</u>, 35 F.3d 49 (2d Cir. 1994); <u>East Coast Novelty Co. v. City of New York</u>, 141 F.R.D. 245, 245 (S.D.N.Y. 1992); <u>B.N.E.</u>

Swedbank, S.A. v. Banker, 791 F. Supp. 1002, 1008 (S.D.N.Y. 1992); Novak v. Nat'l Broad. Co., 760 F. Supp. 47, 48 (S.D.N.Y. 1991); Ashley Meadows Farm, Inc. v. Am. Horse Shows Ass'n, 624 F. Supp. 856, 857 (S.D.N.Y. 1985).

Plaintiff does not claim that there were any controlling factual or legal matters put before me in timely filed papers that I overlooked. Rather, plaintiff's grievance is that I failed to consider opposition papers he submitted long past the date on which they were due.

Defendants filed their dismissal motion on August 31, 2010. It would have been served on plaintiff that day through the Court's ECF system. The version of Fed.R.Civ.P. 56(c)(1)(B) in effect in September 2010 required that opposition papers be filed within 21 days. Plaintiff did not file opposition papers in a timely manner nor was he ever granted an extension of time within which to file opposition papers.

On February 23, 2011, plaintiff filed a memorandum of law in opposition to plaintiff's motion. Despite the fact that it was approximately five months late, I considered plaintiff's memorandum of law before issuing my Report and Recommendation. On the afternoon of February 24, plaintiff's counsel called my deputy clerk and advised that he had additional papers to submit but that he was having problems with the Court's ECF system.

Although my Report and Recommendation was almost in final form at
that time, I advised my deputy to tell plaintiff's counsel that I
would consider his additional papers if he got them to my cham-
bers by 5:00 p.m.  My deputy gave this information to plaintiff's
counsel at approximately 3:15 p.m.  Because plaintiff's counsel's
office is located at 65 Broadway -- approximately a 20-30 minute
walk from the courthouse -- this deadline was clearly achievable
if plaintiff's papers were in fact ready at the time plaintiff's
counsel called my deputy; plaintiff's counsel never advised my
deputy that he could not make the 5:00 p.m. deadline.  I received
nothing in chambers from plaintiff by 5:00 p.m.  Between 5:00 and
5:15 p.m. my staff personally checked the Court's mail room and
the night filing box located in the Courthouse's lobby.  There
were no additional papers from plaintiff in either location.  At
that point, I finalized my Report and Recommendation.  Because I
completed my Report and Recommendation after 7:00 p.m. on Febru-
ary 24, I dated it February 25, 2011 and gave it to my staff to
file the following morning.  I dated it and filed it the follow-
ing day because filing it after the close of business hours on
February 24 would have had the practical effect of shortening the
14-day period afforded to the parties to file objections.  I
received additional papers from plaintiff on the morning of
February 25, but did not consider them because they were un-

4

timely.  The Court's ECF system indicates that they were filed on February 24 at approximately 9:11 p.m.

Plaintiff's counsel now claims that his untimely papers should have been considered because he was too ill to respond to the motion during the five-month period of his default as a result of a pinched nerve in his trapezius muscles.  Plaintiff's counsel claims that the pain was so severe that he could not even type opposition papers.[1]  If this representation is true (plaintiff submits no medical evidence supporting his claim of a disability lasting from September 2010 through March 2011), plaintiff's counsel was ethically obligated to withdraw from the case. "[A] lawyer shall withdraw from the representation of a client when . . . the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client . . . ."  Rule 1.16(b)(2) of the New York Rules of Professional Conduct, App. to N.Y. Judiciary L.  The limitation counsel asserts would have been clear to counsel and should have left no doubt in counsel's mind that he was ethically required to withdraw from the case.

Almost six months elapsed between the time defendants' motion was served and the preparation of my Report and Recommen-

---

[1] Plaintiff's counsel is a solo practitioner and has no office staff.

dation.   Plaintiff had more than sufficient time to file his opposition to defendants' motion but failed to do so.   Although plaintiff had no right to have his untimely papers considered, Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 895-97 (1990), I did in fact consider whatever plaintiff had submitted before my Report and Recommendation was finalized.   No litigant is entitled to an unlimited time to oppose a dispositive motion.   Plaintiff was given every reasonable opportunity to oppose defendants' motion, but failed to do so; he is not now entitled to have this matter reopened.

Accordingly, for all the foregoing reasons, plaintiff's application for reconsideration of my Report and Recommendation dated February 25, 2011 is denied in all respects.

Dated:  New York, New York
        March 11, 2011

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

Earl Antonio Wilson, Esq.
Suite 714
65 Broadway
New York, New York  10006

6

Lawrence J. Profeta, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007