UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
GEORGE LAWSON,                       :
                                     :
              Plaintiff,             :
                                     :
         -v-                         :    05 Civ. 825 (JSR)
                                     :
NEW YORK CITY BOARD OF EDUCATION, et :
al.,                                 :    ORDER
                                     :
              Defendants.            :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

     On February 25, 2010, the Honorable Henry B. Pitman, United States Magistrate Judge, issued a Report and Recommendation in the above-captioned matter recommending that the Court grant defendants' motion for summary judgment. On March 14, 2011, plaintiff submitted objections to the Report and Recommendation. Accordingly, the Court has reviewed the objections and the underlying record de novo.

     The Court notes that, along with his objections, plaintiff submitted voluminous exhibits of evidence that he failed to timely submit to the Magistrate Judge. Defendants filed their motion for summary judgment on August 31, 2010, and the version of Fed. R. Civ. P. 56(c)(1)(B) in effect in September 2010 required that opposition papers be filed within 21 days. See 03/11/11 Opinion and Order at 3 (denying plaintiff's motion for reconsideration). Plaintiff did not file opposition papers by that date, nor was he ever granted an extension of time. Id. On February 23, 2011, plaintiff filed a memorandum of law in opposition to plaintiff's motion, which Judge Pitman considered before issuing his Report and Recommendation. Id. Judge Pitman was

unable to consider the new evidence plaintiff submitted on the night of February 24, 2011, however, as the Report and Recommendation was already finalized. Id. at 3-4. Moreover, Judge Pitman was under no obligation to give the untimely submissions any consideration whatsoever. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 895-97 (1990). Having failed to submit his evidence to the Magistrate Judge during the nearly six months between the filing of the instant motion and the preparation of Judge Pitman's Report and Recommendation, plaintiff's untimely-submitted evidence is not properly before this Court. See, e.g., Pan Am. World Airways v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40 n.3 (1990) ("Judge Glasser did not abuse his discretion in denying Pan Am's request to present additional testimony on the question of purported differences in the parties' disputes. A district judge is not required to hear or rehear any witness, and Pan Am had no right to present further testimony when it offered no justification for not offering the testimony at the hearing before the magistrate.") (interal citation omitted); Abu-Nassar v. Elders Futures, No. 88 Civ. 7906 (PKL), 1994 U.S. Dist. LEXIS 11470, at *10 n. 2 (S.D.N.Y. 1994) ("In their Objections to the Report plaintiffs contend that Elders indeed terminated the Agreement in bad faith, and plaintiffs cite record evidence. These arguments were not raised before Magistrate Judge Dolinger, and are not submitted as objections but as new arguments. Accordingly, plaintiffs' arguments and evidence are

2

untimely. If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments.") (internal citations omitted); Ramos v. Johnson, 2011 U.S. Dist. LEXIS 20969, at *5 ("To the extent that Plaintiff's Objections seek to reopen discovery, add additional claims, name additional parties, or excuse his non-response to Defendants' Motion for summary judgment, they are improper, untimely, and, in any event, wholly conclusory and insufficient to survive summary judgment.") (footnote omitted). Accordingly, the Court has given the untimely submissions no consideration.

Having reviewed the properly submitted record de novo, the Court finds itself in complete agreement with Magistrate Judge Pitman's Report and Recommendation and hereby adopts its reasoning by reference. Accordingly, the Court grants summary judgment to the defendants. The Clerk of the Court is directed to enter final judgment and to close item number 50 on the docket of this case.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       March 17, 2011

3